**Barbee B. Lyon,** OSB # 71212
    Direct Dial:   503.802.2020
    Direct Fax:   503.972.3720
    E-Mail:      barbee@tonkon.com

Tonkon Torp LLP
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR  97204-2099

    Barbee B. Lyon,
        Pro Se, and also as Attorney for Plaintiff Joan Kruse

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **BARBEE B. LYON AND JOAN KRUSE,** | Civil No.3: 07-CV1779-AC |
| **PLAINTIFFS,** | |
| v. | **AMENDED COMPLAINT** |
| **CHASE BANK USA, N.A.** | **VIOLATION OF FAIR CREDIT BILLING ACT (15 U.S.C. § 1666)** |
| **DEFENDANT.** | **WRONGFUL DEBT COLLECTION (O.R.S. 646.639(2)(K))** |
| | **DEFAMATION OF CREDIT** |
| | **INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** |
| | **SPECIFIC PERFORMANCE** |
| | **BREACH OF CONTRACTUAL COVENANT OF GOOD FAITH AND FAIR DEALING** |
| | **DEMAND FOR JURY TRIAL** |

Page 1 -     AMENDED COMPLAINT

Plaintiffs Barbee B. Lyon and Joan Kruse allege as follows:

1. This action arises under the Fair Credit Billing Act, now codified at 15 U.S.C. § 1666 et seq. Jurisdiction is granted to this Court by 15 U.S.C § 1640(e) and 28 U.S.C. § 1331.

2. Plaintiffs are husband and wife. Defendant extended consumer credit to plaintiffs in the form of Visa credit cards.

3. In September, 2006, an unknown person stole the credit card that defendant had issued to plaintiff Lyon, and Lyon notified defendant of the theft. Defendant's fraud department asked Lyon to identify which recent transactions had been made by the thief, and which were valid transactions that Lyon had authorized before the theft.

4. One recent transaction that defendant inquired about was a $645 charge payable to Resorts Advantage. Lyon told defendant that it was a valid transaction, that he had authorized it before the credit card was stolen, and that it should be honored.

5. Defendant nevertheless refused to honor that charge. Resorts Advantage notified plaintiffs that defendant refused to honor it, and demanded payment in some other manner. Plaintiffs accordingly paid that $645 charge to Resorts Advantage on October 5, 2006 by using a different credit card issued by Bank of America. (See Attachment 1.)

6. Several months later, however, defendant billed plaintiffs for that same $645 charge, indicating that defendant had paid that $645 to Resorts Advantage on October 17, 2006, which was twelve days after plaintiffs paid that charge by means of the Bank of America credit card. (See Attachment 2.) However, Resorts Advantage confirmed to plaintiffs that defendant never made any such payment.

7. Plaintiffs protested to defendant that the $645 charge on Attachment 2 appeared to be a billing error, and that plaintiffs had already paid that $645 charge to Resorts Advantage with another credit card precisely because defendant itself had refused earlier to honor that charge.

8. Defendant acknowledged receipt of plaintiffs' protest and told plaintiffs they need not pay while defendant was investigating the matter. (See Attachments 3 and 4.)

9. Nevertheless, just a few days after defendant sent Attachment 4 to plaintiffs, defendant attempted to collect the disputed $645 charge from plaintiffs, billing plaintiffs for that charge and withdrawing without explanation its previous notice that plaintiffs need not pay it while the dispute was unresolved. (See Attachment 5; compare with Attachment 3.) Defendant thereafter made numerous additional attempts to collect the disputed charge, as summarized in ¶ 20 below.

10. Defendant never sent plaintiffs a written explanation or clarification, as promised in Attachment 4, and as required by 15 U.S.C. § 1666 and 12 C.F.R. § 226.13(f). Neither did defendant correct the billing error.

11. In an attempt to resolve the dispute, plaintiffs wrote defendant on August 27, 2007. (See Attachment 6.)

12. Defendant did not respond to that August 27 letter (Attachment 6), and instead continued to attempt to collect the disputed charge.

13. Several weeks later, plaintiff Kruse had a telephone conversation on or about September 11, 2007 with a representative of defendant named "Gwen," who promised to erase the disputed charge.

14 The next day, however, defendant reneged on that promise, saying that plaintiffs had failed to object to the disputed charge within the 60 day period. (See Attachment 7.)

Page 3 -      AMENDED COMPLAINT

attached.) That was incorrect, for defendant had previously acknowledged receipt of plaintiffs' objection within 60 days. (See Attachments 3 and 4.)

15. Plaintiffs wrote defendant again on October 23, 2007, pointing out defendant's errors. (See Attachment 8.)

16. Defendant did not respond to that October 23 letter either, and continued to attempt to collect the charge.

17. Plaintiff Lyon had a telephone conversation on or about October 27, 2007 with another representative of defendant who was attempting to collect the charge. After much effort, plaintiffs succeeded in reaching a different representative of defendant who reluctantly agreed to read plaintiffs' October 23 letter. Shortly thereafter, defendant promised in that phone call to erase the charges.

18. Nevertheless, defendant has reneged on that promise as well. Defendant's representatives continue to telephone plaintiffs approximately every 7 days, demanding payment, and declaring that the charges "aren't going away," and that "it will be sent to collections."

19. Defendant has reported this charge as a delinquency to credit rating services, contrary to the provisions of 15 U.S.C. § 1666a(a) and 12 C.F.R. § 226.13(d)(2).

20. The number of attempts that defendant has made to collect the charge in violation of statutes include the following:

    A. Defendant began to bill plaintiffs in every monthly statement beginning with Attachment 5.

    B. Defendant took advantage of the automatic payment arrangements that plaintiffs had previously authorized from their checking account with US Bank in Portland. Defendant accordingly sought payment from US Bank on May 17, 2007. (Attachment 6,

Page 4 -   AMENDED COMPLAINT

    C. Defendant has repeatedly telephoned plaintiffs demanding payment of the disputed charge. Plaintiffs have lost track of how many telephone calls they have received from defendant, but expects to ascertain that number in discovery since defendant always states that it is recording such calls. The latest such call was on or about November 26, 2007.

  21. The cumulative finance charges now demanded by defendant are approximately $283 and rising.

  22. Plaintiffs have done everything in their power to resolve this dispute in a reasonable manner without resorting to court.  In addition to writing letters to defendant that defendant never answered, they have spent many futile hours on the telephone with representatives of defendant. Defendant has reneged on promises that it made over the telephone. Further attempts to communicate with defendant are pointless.

### FIRST CLAIM FOR RELIEF
### (Fair Credit Billing Act)

  23. Defendant's failure to provide a written explanation or clarification of the billing error violated 15 U.S.C. § 1666(a).

### SECOND CLAIM FOR RELIEF
### (Fair Credit Billing Act)

  24. Each of defendant's multiple attempts to collect the disputed charge violated 15 U.S.C. § 1666(c) and (e).

Page 5 - AMENDED COMPLAINT

## THIRD CLAIM FOR RELIEF

### (Fair Credit Billing Act)

25.  Defendant violated 15 § U.S.C. 1666a(a) by threatening to report, and actually reporting, the disputed charge so as to harm plaintiffs' credit rating.

## FOURTH CLAIM FOR RELIEF

### (Unlawful Debt Collection)

26.  Defendant violated Oregon Revised Statutes 646.639(2)(k) by attempting to collect a debt when it knew or had reason to know that its right to do so did not exist.

## FIFTH CLAIM FOR RELIEF

### (Defamation of credit)

27.  Defendant's actions defamed plaintiffs' credit and thereby damaged plaintiffs.

## SIXTH CLAIM FOR RELIEF

### (Intentional or Negligent Infliction of Emotional Distress)

28.  After having received notice that its actions were in violation of statutes, defendant nevertheless continued to violate the statutes and to harass plaintiffs and damage their credit, thereby intentionally or negligently inflicting emotional distress upon them.

## SEVENTH CLAIM FOR RELIEF

### (Punitive Damages)

29.  Defendant knew or should have known that its actions were in violation of statutes, and the court should therefore award punitive damages.

### EIGHTH CLAIM FOR RELIEF

### (Specific Performance)

30.   Since defendant refuses to abide by its oral agreements to cancel the disputed charges, the Court should enter a decree of specific performance compelling it to do so.

### NINTH CLAIM FOR RELIEF

### (Injunctive Relief)

31.   Since defendant refuses to comply with the relevant statutes, the Court should enjoin defendant from continuing to violate the statutes, and should further require defendant to take appropriate steps to correct the damage to plaintiffs' credit rating.

### TENTH CLAIM FOR RELIEF

### (Attorney's fees)

32.   The Court should award plaintiffs a reasonable attorney's fee.

### ELEVENTH CLAIM FOR RELIEF

### (Breach of covenant of good faith and fair dealing)

33.   The law implies a covenant of good faith and fair dealing in contracts.

34.   Defendant breached that covenant by ignoring communications from plaintiffs.

WHEREFORE, plaintiffs demand judgment as follows:

   1.   For the amount of the damages and penalties provided by federal and state statutes, in an amount to be determined upon discovery and trial.

   2.   For damages to plaintiffs' credit rating, in an amount to be determined at trial.

       3.      For damages for emotional distress, in the amount of $100,000 for each plaintiff.

       4.      For damages that will compensate plaintiffs for the inconvenience to them, including the time and effort that defendant's failure to fulfill its statutory obligations have compelled them to expend.

       5.      For punitive damages in an amount to be determined at trial.

       6.      For a decree of specific performance compelling defendant to fulfill its oral agreements to erase the charges.

       7.      For an injunction compelling defendant: (1) to cease its efforts to collect the charge, and (2) to restore plaintiffs' credit rating to its former status.

       8.      For an award of reasonable attorney fees.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

DATED this 27th day of October, 2008.

       TONKON TORP LLP

       By /s/_____
         **Barbee B. Lyon,** OSB # 71212
         Direct Dial:   503.802.2020
         Direct Fax:   503.972.3720
         E-Mail:      barbee@tonkon.com
         Barbee B. Lyon,
            Pro Se, and also as Attorney for Plaintiff
            Joan Kruse

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing AMENDED COMPLAINT on:

Mr. Michael J. Farrell
Martin, Bischoff, Templeton, Langslet & Hoffman
900 Pioneer Tower
888 SW Fifth Avenue
Portland, OR  97204

Attorneys for Chase Bank USA, N.A.

☐ by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to each attorney's last-known address and depositing in the U.S. mail at Portland, Oregon on the date set forth below;

☐ by causing a copy thereof to be hand-delivered to said attorneys at each attorney's last-known office address on the date set forth below;

☐ by sending a copy thereof via overnight courier in a sealed, prepaid envelope, addressed to each attorney's last-known address on the date set forth below; or

☐ by faxing a copy thereof to each attorney at his last-known facsimile number on the date set forth below.

DATED:  October 27, 2008.

TONKON TORP LLP

By _____
Barbee B. Lyon, OSB # 71212
Direct Dial:    503.802.2020
Direct Fax:    503.972.3720
E-Mail:           barbee@tonkon.com
Barbee B. Lyon,
    Pro Se, and also as Attorney for
    Plaintiff Joan Kruse

AMENDED COMPLAINT - CHASE.DOC

Page -1    CERTIFICATE OF SERVICE