FILED
MAR 05 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARBEE B. LYON and JOAN KRUSE,

        Plaintiffs,

v.

CHASE BANK USA, N.A.,

        Defendant.

Civ. No. 07-1779-AC

OPINION AND ORDER

ACOSTA, Magistrate Judge:

On January 22, 2009, Defendant Chase Bank USA, N.A. ("Chase") filed a motion to supplement the summary judgment record. On January 30, 2009, Chase filed an amended motion to supplement the summary judgment record, presumably because Chase initially failed to confer with Plaintiffs Barbee B. Lyon and Joan Kruse ("Plaintiffs") in compliance with Local Rule 7.1 on

OPINION & ORDER         1        {KPR}

the original motion. The amended motion seeks leave to introduce a recently decided Ninth Circuit case into the summary judgment record, namely *Gorman v. Wolpoff & Abramson, LLP*, 2009 WL 57091 (9th Cir. Jan. 12, 2009). Chase argues that this case speaks directly to the legal basis for Plaintiffs' state law defamation claim. Plaintiffs do not object to inclusion of *Gorman* or application of its standard in the summary judgment record. Plaintiffs do, however, argue that *Gorman* is inapplicable to the present case, because Plaintiffs' claims arise under the Fair Credit Billing Act ("FCBA") and *Gorman* is otherwise distinguishable. If the court extends *Gorman*'s application to the FCBA, Plaintiffs request that the court also reopen discovery to allow Plaintiffs to conduct discovery on that point.

The court grants Chase's unopposed motion to supplement the summary judgment record with the Ninth Circuit's recent decision in *Gorman*. The court is aware of the parties' positions on *Gorman* and will address its merits as necessary in its summary judgment disposition. The court denies Lyon's informal motion to reopen discovery to address the heightened standard set forth in *Gorman*. Motions to reopen discovery are governed by Rule 16, which states that a court's scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4) (2008). Plaintiffs, however, do not demonstrate good cause.

Plaintiffs claim that the heightened standard set forth in *Gorman* will require additional discovery on their part. However, the willful and malicious standard set forth in *Gorman* was already addressed by Plaintiffs in their opposition to Chase's motion for summary judgment. *See* Plaintiffs' Memorandum in Response at 7 ("Chase's second argument against plaintiffs' defamation claim is that it is preempted by federal law. But the preempting statute that Chase quotes has an exception for the reporting of 'false information furnished with malice or willful intent to injure the

consumer.'"). Accordingly, Plaintiffs were on notice of the intent standard governing defamation actions such as theirs prior to the close of discovery. Furthermore, *Gorman*'s conclusion that failure to comply with credit reporting statutes is not a per se defamation does not impose an additional discovery burden on Plaintiffs. Rather, as Plaintiffs' own response brief demonstrates, this issue already has been briefed and the Ninth Circuit's interpretation of the relevant law does not alter the discoverable facts underlying this case.

*Conclusion*

For the reasons stated, Chase's Amended Motion to Supplement the Court's Summary Judgment Record Based on Ninth Circuit Law (#43) is GRANTED. Plaintiffs' motion to reopen discovery is DENIED.

IT IS SO ORDERED.

DATED this 5th day of March, 2009.

JOHN V. ACOSTA
United States Magistrate Judge