FILED'09 JUL 17 14:20 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BARBEE B. LYON and JOAN KRUSE, | CV 07-1779-AC |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| CHASE BANK USA, N.A., | |
| Defendants. | |

BARBEE B. LYON
Tonkon Torp LLP
1600 Pioneer Tower
888 S.W. Fifth Ave.
Portland, OR 97204-2099
(503) 802-2020

    Attorneys for Plaintiffs

JOHN L. LANGSLET
MICHAEL J. FARRELL
Martin Bischoff Templeton Langslet & Hoffman LLP
888 S.W. 5th Ave., Suite 900
Portland, OR 97204
(503) 224-3113

    Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge:

On April 27, 2009, Magistrate Judge Acosta issued an Amended Findings and Recommendation (F&R)(doc. 53) denying plaintiffs' Motion for Partial Summary Judgment (doc. 29) and granting in part and denying in part defendant Chase Bank USA, N.A.'s Motion for Partial Summary Judgment (doc. 14). Plaintiffs filed timely objections (doc. 56) to some but not all of the magistrate judge's findings, legal conclusions, and ultimate recommendations.

When any party objects to any portion of the magistrate judge's Findings and Recommendation on a dispositive motion, the district court must make a de novo determination of that portion of the magistrate judge's report. 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b). United States v. Bernhardt, 840 F.2d 1441, 1444 (9th Cir. 1988). As to any portion of the F&R to which no objection is made, the district court must review de novo only the legal principles applied by the magistrate judge. Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).

For the following reasons, I **adopt** the magistrate judge's Findings and Recommendation in its entirety.

2 - OPINION AND ORDER

## BACKGROUND

Plaintiffs Lyon and Kruse are husband and wife. They brought this action against defendant Chase Bank USA, N.A. (Chase) alleging statutory claims under the Fair Credit Billing Act (FCBA), 15 U.S.C. § 1566 et seq., and the Oregon Unfair Debt Collection Practices Act (UDCPA), Ore. Rev. Stat. 646.639 et seq., and common law claims for defamation and intentional infliction of emotional distress (IIED).

The claims arose from a billing dispute between the parties relating to defendant's efforts to collect payment on a $645.00 credit card charge. The card was issued to plaintiff Lyon. Plaintiff Kruse was an authorized user on the card.

The parties filed cross-motions for partial summary judgment. Plaintiffs sought a declaratory ruling that a prevailing party is entitled to recover a statutory penalty for each separate violation of the FCBA. Defendant sought partial summary judgment that (a) plaintiff Kruse lacks standing to assert a claim, or in the alternative, can prove no set of facts that would allow her a recovery under the FCBA, (b) defendant is entitled to a judgment as a matter of law as to plaintiffs' defamation claim, (c) defendant is entitled to a judgment as a matter of law as to plaintiffs' IIED claim, and (d) plaintiffs failed to state a claim under Oregon's UDCPA.

3 - OPINION AND ORDER

The magistrate judge recommended that plaintiffs' motion should be <u>denied</u>, and defendant's motion should be <u>granted</u> as to plaintiff Kruse's lack of standing, <u>denied</u> as to plaintiffs' defamation claim, <u>granted</u> as to plaintiffs' IIED claim, and <u>granted</u> as to plaintiffs' UDCPA claim.

## DISCUSSION

**1.  Plaintiffs' Motion for Partial Summary Judgment.**

Plaintiffs seek a ruling that, as a matter of law, a prevailing claimant may be awarded statutory damages between $100 and $1000 under the FCBA for each separate violation. The magistrate judge deferred ruling on the issue because it is premature and is more appropriately determined in the context of instructing the jury as to the available damages and formulating an appropriate verdict form. I agree.

"A court, in its discretion in shaping the case for trial, may deny summary judgment as to portions of the case that are ripe therefor, for purposes of achieving a more orderly or expeditious handling of the entire litigation." <u>Powell v. Radkins</u>, 506 F.2d 763, 765 (5th Cir. 1975), <u>cert</u>. <u>denied</u>, 423 U.S. 873 (1975)(even when there are no material disputed issues of fact as to some issues or claims, a trial court may deny summary judgment as to portions of the case that are ripe for summary judgment).

Accordingly, I **adopt** the magistrate judge's ruling and **deny** plaintiffs' Motion for Partial Summary Judgment.

**2.   Defendant's Motions for Partial Summary Judgment.**

a.   <u>Plaintiff Kruse's Standing under the FCBA</u>.

The record on partial summary judgment unequivocally establishes that Kruse was an authorized user of the credit card defendant issued to plaintiff Lyon but was not an obligor as to any charges made on that credit card. The magistrate judge set out the relevant statutory language and Federal Reserve Board Regulations (Regulation Z) that make clear FCBA's protections extend only to those consumers who are obligors, not those who are merely authorized users. <u>See</u> 15 U.S.C. §§ 1666 and 1666a; 12 C.F.R. 226.2, Subpt. E, App. 1, § (2)(a)(8)(1).

Nevertheless, plaintiffs contend the magistrate judge did not address <u>Belmont v. Assoc. Nat. Bank</u>, 119 F. Supp.2d 149, 159 (E.D.N.Y.), in which the court held a creditor's demand for payment on a charge account from someone who is not an obligor qualifies as a "billing error" under the "wrong-person error" provisions of the FCBA. That case, however, is distinguishable because it addresses a different credit issue, *i.e.*, a credit charge made against the wrong person.

Plaintiffs also contend the magistrate judge erred in failing to construe the statutory language liberally to include

5 - OPINION AND ORDER

authorized users as protected persons under the FCBA in light of the fact that the statute, as part of the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq*, is a consumer protection statute. A liberal construction, however, does not justify including persons within the protection of the statute in the absence of some indication in the statute that Congress intended such persons to be protected.

Accordingly, I **adopt** the magistrate judge's recommendation and **grant** defendant's motion for partial summary judgment as to plaintiff Kruse's claim under the FCBA.

b. <u>Plaintiffs' Defamation Claim</u>.

The magistrate judge found genuine issues of material fact existed as to whether defendant acted maliciously or with willful intent to injure plaintiffs by furnishing false information to credit reporting agencies. Accordingly, the magistrate judge concluded plaintiffs' defamation claim was not preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681h(e)(barring a claim for defamation based on furnishing false information about a consumer to a consumer reporting agency . . . <u>except as to false information furnished with malice or willful intent to injure the consumer</u>.")(emphasis added).

Defendant has not objected to this ruling. I have reviewed the legal principles applied by the magistrate judge <u>de novo</u> and

find no error. Accordingly I **adopt** the magistrate judge's Finding and Recommendation and **deny** defendant's motion for partial summary judgment as to plaintiffs' defamation claim.

    c. <u>Plaintiffs' IIED Claim</u>.

Plaintiffs allege they presented sufficient evidence to create a genuine issue of material fact and thereby preclude summary judgment in defendant's favor on plaintiffs' IIED claim. The evidence purports to show defendants continued to attempt to collect the disputed credit charge and ignored plaintiffs' requests for responses to plaintiffs' complaints.

The magistrate judge concluded the conduct alleged by plaintiffs did not support an IIED claim because the conduct, as a matter of Oregon law, was not outrageous in the extreme, and did not amount to an extraordinary transgression of the bounds of socially tolerable conduct. <u>See</u> <u>Sheets v. Knight</u>, 308 Or. 220, 236 (1989). I agree.

Similar IIED cases decided in Oregon state courts and this court require conduct that is far more egregious than defendant's conduct in this case to support an IIED claim. <u>See</u> <u>e.g.</u>, <u>Turman v. Central Billing Bureau, Inc.</u>, 279 Or. 443, 446-47 (1977)(a debt collection agent's conduct in calling the alleged debtors "deadbeats" and "scum" and threatening the husband with the loss of his job and the wife with the loss of her home constituted IIED). <u>But</u> <u>see</u>, <u>Mathis v. Omnium Worldwide</u>, 06-CV-1614-AA, 2006

7 - OPINION AND ORDER

WL 1582301 (D. Or. 2006)(six-eight "pressure-tactic" telephone calls over a 14-month period did not constitute IIED as a matter of law).

Accordingly, I **adopt** the magistrate judge's recommendation and **grant** defendant's motion for partial summary judgment as to plaintiffs' claim for intentional infliction of emotional distress.

d. <u>Plaintiffs' UDCPA Claim</u>.

Plaintiffs allege in their Complaint that "Defendant violated [the UDCPA] by attempting to collect a debt when it knew or had reason to know that its right to do so did not exist." Defendant and the magistrate judge interpreted this claim to assert that defendant was attempting to collect a debt that did not exist.

Oregon's UDCPA prohibits debt collectors from using certain abusive and coercive methods to pressure debtors to pay debts that exist.  Ore. Rev. Stat. (2)(k); <u>Porter v. Hill</u>, 314 Or. 86, 92 (1992).  It does not, however, prohibit "the practice of trying to collect a debt that does not exist." <u>Id.</u> at 93.

Plaintiffs now contend in their objections to the Findings and Recommendation that the magistrate judge and defendant misinterpreted this claim and that, in fact, plaintiffs' Complaint "alleges that [defendant] attempted to collect the debt when it knew or had reason to know that its right <u>to attempt to</u>

8 - OPINION AND ORDER

collect the debt did not exist." Pls' Am. Obj. at 5. (Emphasis added). In explicating this point, however, plaintiffs further muddy the waters as to what their UDCPA claim is by arguing that the magistrate judge "overlooked" that defendant "dislaim[ed] any right to collect from plaintiff Joan Kruse" because she was not an obligor on the credit card, and, therefore, defendant "necessarily violated the UDCPA by attempting to collect from her." In other words, defendant violated the UDCPA by attempting to collect a debt that did not exist as to her.

On this record, I conclude that, even if it would make a difference, plaintiffs' efforts to add language into their Complaint to explicate their UDCPA claim is far too late. Accordingly, I **adopt** the magistrate judge's recommendation and **grant** defendant's motion for partial summary judgment as to plaintiffs' claim under Oregon's Unlawful Debt Collection Practices Act.

## CONCLUSION

For the reasons stated above, plaintiffs' Motion for Partial Summary Judgment (doc. 29) is **denied**. Defendant Chase Bank USA, N.A.'s (Chase) Motion for Partial Summary Judgment (doc. 14) is **granted in part** and **denied in part** as follows: Defendant's motion is **granted** as to plaintiff Kruse's lack of standing, **denied** as to plaintiffs' defamation claim, **granted** as to

9 - OPINION AND ORDER

plaintiffs' IIED claim, and **granted** as to plaintiffs' UDCPA claim.

    IT IS SO ORDERED.

    DATED this /7 day of July, 2009.

                                      MALCOLM F. MARSH
                                      United States District Judge

10- OPINION AND ORDER