

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

BARBEE B. LYON and JOAN KRUSE,

                    Plaintiffs,

      v.

CHASE BANK USA, N.A.,

                    Defendant.

Civ. No. 07-1779-AC

OPINION AND ORDER

---

ACOSTA, Magistrate Judge:

*Introduction*

      Plaintiffs Barbee B. Lyon and Joan Kruse ("Plaintiffs") move the court for leave to file an

amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 15(a). Plaintiffs seek to

add two additional claims to their complaint, namely (1) negligent infliction of emotional distress

OPINION AND ORDER               1                         {KPR}

and (2) breach of the contractual covenant of good faith and fair dealing.  Defendant Chase Bank USA, N.A.[1] ("Chase") opposes the motion.

### Procedural Background

On March 11, 2008, the court issued a scheduling order setting a July 29, 2008, deadline for amending pleadings.  The deadline for filing dispositive motions was set for September 30, 2008, on which date Chase filed its motion for summary judgment.  This motion to amend was filed by Plaintiffs on October 27, 2008.

### Discussion

Rule 15 governs amendments to pleadings, and states, in relevant part, that where a party has already been served with a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(1)-(2) (2007).  The court recognizes that a liberal standard is applied to motions for leave to amend. *AmerisourceBergen Co. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).  Even so, "a district court need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.*

However, where the court ordered deadline for amendments to pleadings has passed, a request to amend a pleading first requires the court to determine whether its scheduling order should be modified. Rule 16 states, in relevant part, that "[a] schedule may be modified only for good cause

---

[1] Pursuant to minute order dated March 11, 2008, the court directed the clerk of court to "correct the named defendant and change the caption," consistent with the name given in the answer. The clerk performed the correction which is reflected on the docket sheet. Hereinafter, documents filed in this matter shall be captioned in accordance with the court's order.

and with the judge's consent." FED. R. CIV. P. 16(b)(4) (2008).  A local rule in this district further provides that "objections to any court-imposed deadline must be raised by motion and must:  (1) Show good cause why the deadlines should be modified[;] (2) Show effective prior use of time; (3) Recommend a new date for the deadline in question[; and] (4) Show the impact of the proposed extension upon other existing deadlines, settings, or schedules." *District of Oregon, Local Rules of Civil Practice* ("LR") 16.3(a) (2006).  "A party seeking to amend a pleading after a scheduling order has been entered pursuant to Federal Rule of Civil Procedure 16(b) must first show 'good cause' for amending the scheduling order before the court considers whether the amendment satisfies the requirements of Rule 15(a)." *Ashby v. Farmers Ins. Co.*, 2007 U.S. Dist. LEXIS 97502, at *4 (D. Or. Sept. 26, 2007) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992)).

Plaintiffs have made no showing of good cause to justify amending the scheduling order to add two new claims for relief at this stage of the case.  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.  According to Plaintiffs, prior to the amendment deadline they sent a copy of this motion to opposing counsel. When opposing counsel failed to timely respond with a definitive answer, Plaintiffs forgot about the motion until "several weeks later," at which time Plaintiffs were informed that Chase would oppose the motion.  However, this does not release Plaintiffs from their duty to exercise due diligence in prosecuting their case.  Chase's failure to respond to Plaintiffs' request does not constitute good cause sufficient to meet Plaintiffs' threshold showing required under Rule 16(b).

Plaintiffs' have also failed to meet the requirements of the local rule.  Plaintiffs did not "[s]how effective use of prior time," nor did they suggest a new deadline or outline what the change

might mean for existing deadlines. LR 16.3(a). In fact, the court would likely need to reopen discovery and set a new discovery closure date to allow Chase the opportunity to conduct discovery on the new claims, which the court is not willing to do at this stage of the case. Even if Plaintiffs met the good cause standard, their failure to comply with the local rule weighs against the court exercising its discretion to alter its scheduling order to facilitate Plaintiffs' requested amendment. Because Plaintiffs fail to meet their burdens under Rule 16 and LR 16.3, the court need not determine whether the amendment would be permissible under Rule 15(a).

*Conclusion*

For the reasons stated, Plaintiffs' Motion for Leave to File Amended Complaint (#31) is DENIED.

DATED this 22nd day of September, 2009.

JOHN V. ACOSTA
United States Magistrate Judge