IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


BARBEE B. LYON and JOAN KRUSE,                          Civ. No. 07-1779-AC

                          Plaintiffs,                   OPINION AND
                                                        ORDER

                v.

CHASE BANK USA, N.A.,

                          Defendant.

_____

ACOSTA, Magistrate Judge:

*Introduction*

　　Plaintiffs Barbee Lyon ("Lyon") and Joan Kruse ("Kruse") (collectively "Plaintiffs")

move for an award of attorney fees arising from Defendant Chase Bank USA, N.A.'s ("Chase")

stipulation of liability under the Fair Credit Billing Act ("FCBA" or "the Act"), which authorizes

an award of attorney fees where a violation of its terms is established.  Defendant opposes the motion.

*Background*

This case arises from a dispute between Lyon and Chase over a $645 debit that Chase posted to Lyon's credit card account in February 2007.  Lyon's wife, Kruse, was an authorized user on Lyon's account.  Chase posted the $645 charge to Lyon's credit card account to correct a $645 credit that Chase earlier had posted by mistake to Lyon's account.  Lyon, who had not noticed the credit, disputed the charge and asked for a written explanation of the charge.  At this point, a series of communications occurred between Lyon and Kruse on one hand, and various Chase representatives on the other, regarding the $645 charge, its source, its correction, and Chase's ultimate efforts to collect the charge.  Chase never gave Lyon a written explanation of the $645 charge.

In November 2007, Plaintiffs filed this lawsuit against Chase in which they asserted a Fair Credit Billing Act ("FCBA") violation and claim of defamation arising from the billing dispute.  Lyon, an attorney, represented himself and Kruse.  In February 2008, Chase filed its answer to Plaintiffs' complaint in which, among other responses, Chase denied that it violated the FCBA.  Shortly thereafter, on March 21, 2008, Chase served Plaintiffs with an offer of judgment in which Chase offered to allow "entry of judgment as follows:  Judgment in favor of plaintiffs and against Chase Bank USA, N.A., in the sum of $5,000, which sum shall include all costs and attorneys fees otherwise recoverable in this action." (Farrell Declaration, Exhibit A at 2-3.)  Plaintiffs rejected the offer.

Both parties moved for partial summary judgment.  On September 14, 2008, Chase filed a motion for partial summary judgment in which it sought dismissal of Kruse's FCBA claim, and of

Plaintiffs' claims for intentional infliction of emotional distress ("IIED"), defamation, and under the Oregon Unfair Debt Collection Practices Act ("UDCPA"). October 27, 2008, Plaintiffs filed an amended complaint, as well as their own motion for partial summary judgment in which they sought a legal ruling from the court that they were entitled to recover up to the maximum amount under the FCBA for each violation of the Act committed by Chase. On July 17, 2009, the court granted Chase's motion on Plaintiffs' IIED and Oregon UDCPA claims, as well as on Kruse's FCBA claim, and denied Chase's motion as to Plaintiffs' defamation claim. The court also denied Plaintiffs' motion, deferring until trial a ruling on whether Lyon could recover the statutory penalty for each violation of the Act committed in connection with the $645 billing dispute. Lyon's FCBA claim and Plaintiffs' defamation claim remained for trial.

Trial was set to begin on February 1, 2010. On December 7, 2009, Chase filed its pretrial memorandum. For the first time in the two years that the case had been pending, Chase admitted, by stipulating, that it had violated the FCBA "by failing to timely provide a written explanation of the asserted billing error," which it characterized as "purely technical." (Chase's Trial Brief 4.) Chase contended that regardless of the number of technical violations it might have committed in connection with the parties' dispute over the $645 charge, the FCBA permitted Lyon only a single statutory recovery not to exceed the maximum of $1,000. Lyon maintained that "Chase violated the Act multiple times, and that [] statutory damages are recoverable for each violation." (Plaintiffs' Trial Memorandum 3.) Lyon also argued that the FCBA entitled him to actual damages resulting from Chase's violation of the Act.

On January 21, 2010, the pretrial conference took place. Among the issues the court resolved at the conference was the question of the appropriate remedy for Chase's violation of the FCBA.

The court granted Chase's motion in limine, ruling that Lyon was entitled only to a single statutory award for Chase's FCBA violation.

*Legal Standard*

In *Haworth v. Nevada*, 56 F.3d 1048 (9th Cir. 1995), the Ninth Circuit Court of Appeals addressed the application of Federal Rule of Civil Procedure ("Rule") 68 to awards of attorney fees. The plaintiffs in *Haworth* sued the state under the Fair Labor Standards Act ("FLSA"), which provides for reasonable attorney fees where the a plaintiff prevails on his or her claim. *See* 29 U.S.C. § 216(b) ("The court in such an action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Prior to trial, the plaintiffs rejected an offer of judgment by the state. After trial on the FLSA claim, the plaintiffs were awarded a judgment substantially less than the offer of judgment. The plaintiffs moved for attorney fees under the FLSA and the trial court awarded a substantial amount of attorney fees. The state appealed, raising two distinct issues: (1) whether Rule 68 bars the recovery of attorney fees where the amount awarded at trial is less than an offer of judgment, and (2) if such recovery is not barred, whether the amounts of the offer of judgment and the amount awarded at trial must be considered in determining the reasonableness of the attorney fees.

Rule 68 provides that where a judgment is less than a rejected offer of judgment, "the offeree must pay the costs incurred after the offer was made." FED. R. CIV. P. 68 (d). However, in *Marek v. Chesny*, 473 U.S. 1 (1985), the Supreme Court distinguished between costs and attorney fees for purposes of Rule 68(d). The Court held that Rule 68(d) applied to attorney fees only to the extent that they were defined as costs in the underlying statute. The Court wrote: "Thus, absent congressional expressions to the contrary, where the underlying statute defines 'costs' to include

attorney's fees, we are satisfied such fees are to be included as costs for purposes of Rule 68." *Id.* at 9. In *Haworth*, the plaintiffs were entitled to attorney fees for a violation of and pursuant to the FLSA. Because "[t]he FLSA statute define[d] attorney fees separately from costs[,]" the court concluded that Rule 68 did not bar an award of attorney fees arising under the FLSA. 56 F.3d at 1051.

The *Haworth* court also held that, where a plaintiff has rejected an offer of judgment and seeks a statutory award of reasonable attorney fees, "the reasonableness of an attorney fee award under the FLSA will depend, at least in part, on the district court's consideration of the results the plaintiff obtained by going to trial compared to the Rule 68 offer." *Id.* at 1053. The court explained further:

> In determining what fee is reasonable in this circumstance, the district court must take into consideration the amount of the Rule 68 offer, the stage of the litigation at which the offer was made, what services were rendered thereafter, the amount obtained by judgment, and whether it was reasonable to continue litigating the case after the Rule 68 offer was made. The enumeration of these factors is not meant to be an exhaustive list.

*Id.*

Where attorney fees are available, the court must determine the reasonableness of both the number of hours and the rate at which they were billed. "In addressing a petition for attorney fees under federal law, the court must first determine the 'lodestar' amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate." *Sizemore v. Madras*, No. 02-72-KI, 2005 WL 1502891, at *1 (D. Or. June 24, 2005) (citing *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996)). The appropriateness of this number is evaluated in light of several factors:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975).

Where a plaintiff is only partially successful, the Ninth Circuit has adopted a two-part analysis. First, the court should consider whether the successful and unsuccessful claims are sufficiently related such that the fee award may include time spent on unsuccessful claims. If so, the court must, second, consider the relationship between the significance of the relief obtained and the total hours expended in obtaining that relief. *Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895, 901-902 (9th Cir. 1995).

A prevailing party may also recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Copying costs for documents produced to opposing parties in discovery, submitted to the court for consideration of motions, and used as exhibits at trial are recoverable. *Arboireau*, No. CV-01-105-ST, 2002 WL 31466564, at *6 (citing *Fressell v. AT&T Tech., Inc.,* 103 F.R.D. 111, 115-16 (N.D. Ga. 1984)). However, recoverable copying costs "do 'not include extra copies of filed papers, correspondence, and copies of cases since these are prepared for the convenience of the attorneys.'" *Id.* (citation omitted). Recoverable copying costs also do not include costs associated with in-house photocopying for use by counsel. *Frederick v. City of Portland*, 162 F.R.D. 139, 144 (D. Or. 1995). A party's conclusory assertion that all copies were reasonably necessary to its case is, by itself,

insufficient. *Kraft v. Arden*, No. 07-487-PK, 2009 WL 73869, at *9 (D. Or. Jan. 8, 2009). *See also Arboireau*, 2002 WL 31466564, at *6 (same).

*Discussion*

I.    Offer of Judgment

The court must first determine whether, under *Haworth*, Lyon is entitled to attorney fees arising after the offer of judgment and its rejection. Under the provisions of the FCBA, a plaintiff who successfully asserts such a claim is entitled to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court[.]" 15 U.S.C. § 1640(a)(3). Thus, attorney fees are defined separately from costs and, under the standard in *Haworth*, are not barred by an earlier refusal of an offer of judgment. However, the existence and circumstances of the offer of judgment must be considered when evaluating an attorney fee request.

Here, Chase tendered the offer of judgment on March 21, 2008, shortly after it filed its answer, in which it denied liability under the FCBA claim. On September 14, 2008, Chase moved for summary judgment on several claims, one of which was the FCBA claim. Summary judgment was not granted on this claim. Lyon moved for a ruling that he could recover the maximum statutory remedy for each violation of the FCBA. The court deferred this ruling until trial. The parties proceeded toward trial on those claims remaining after summary judgment and, in its December 7, 2009, trial memorandum, Chase stipulated to violation of the FCBA. On January 22, 2009, the court ruled that Lyon was permitted only one statutory recovery for each transaction that gave rise to a violation or violations of the FCBA, and Lyon was thus awarded $1000.

Chase argues that Lyon's failure to obtain a result better than the $5,000 offer of judgment is evidence that the requested fees are unreasonable. First, Chase points out that Lyon's total

recovery was $1,000, one-fifth of the value of the rejected offer of judgment.  Second, Chase cites *Haworth* for the proposition that a stipulated statutory violation does not entitle a plaintiff or plaintiff's counsel to proceed to trial on other weak and ultimately unsuccessful claims and recover attorney fees for doing so.  Third, Chase asserts that it is "undisputed" that rejecting the offer and proceeding to litigate the claims did not result in a superior recovery for Lyon.

Lyon responds that the offer of judgment does not preclude a recovery of attorney fees.  First, it is unclear whether Lyon's ultimate recovery was actually less than the amount of the offer of judgment because the offer of judgment was worded such that attorney fees were included in the amount offered.  Thus, attorney fees awarded under the FBCA, combined with the statutory recovery, could very well amount to more than the offer of judgment.  Second, Lyon argues that pursuing Plaintiffs' claims after the offer was made was not frivolous.  Chase's offer of judgment did not amount to an admission that it had violated the FCBA and, thus, by pursuing that claim, Lyon vindicated his rights under the Act and preserved his position for appeal.

The court agrees that the offer of judgment does not preclude a recovery of attorney fees under the Act.  First, the offer stated that it was to include attorney fees and, thus, the court cannot conclude that Lyon's recovery was less than the amount proposed by the offer of judgment.  Second, the offer of judgment did not amount to an admission of liability under the Act and, therefore, accepting the offer of judgment would have been qualitatively different from judicially enforcing the Act or, in this case, Chase's stipulation to liability.  For these reasons, the court concludes that the rejected offer of judgment does not preclude an award of attorney fees, though it will be considered in determining the reasonableness of any award.

//

II.    Stipulation to FCBA Liability

Chase argues that any legal work occurring after its stipulation to FCBA liability is not eligible for attorney fees as authorized under the FCBA for the time spent in trial. In support of this position, Chase argues that Lyon did not retain counsel until after the stipulation of liability; the stipulation effectively resolved the FCBA claim; and that all fees currently sought were incurred in litigating the defamation claim at trial. Lyon responds that the FCBA claim was not resolved until the eve of trial when the court ruled that multiple statutory recoveries were not available where the multiple FCBA violations arose from a single transaction.

The court agrees with Lyon that Chase's stipulation to liability did not conclude litigation as to the FCBA claim. Plaintiffs presented a colorable case that multiple recoveries were available for multiple violations of the Act, where the violations were tied to a single transaction. The stipulation did not address the issue of damages. Where an opposing party has stipulated to liability, litigating the appropriate amount of damages is generally required to resolve a given claim. The court finds it reasonable that, upon Chase's stipulation that it had in fact violated Lyon's rights under the FCBA, Lyon proceeded to argue for damages arising from each violation. Accordingly, the court concludes that Chase's stipulation did not foreclose an award of post-stipulation attorney fees related to the FCBA claim.

III.    Trial and Defamation Claim

Lyon argues that time spent preparing for trial on the defamation claim should be included in the award of attorney fees. According to Lyon, the bulk of the time at trial was spent on evidence underlying the FCBA violation, specifically the testimony of Chase employees admitting that the Act had been violated multiple times. These violations served as proof that Chase had made false

statements about Lyon, an element central to a defamation claim. Thus, Lyon argues, the time spent proving defamation was minimal.

Chase argues that all of the time spent on trial was spent on the defamation claim and, thus, no recovery for attorney fees under the FCBA is appropriate. The court agrees. Even if the conduct underlying the FCBA violation also gave rise to the defamation claim, Lyon is not authorized under the FCBA to collect attorney fees for litigating a defamation claim. Therefore, Lyon is not entitled to attorney fees for time spent at trial, but is entitled to time spent litigating the damages available under the FCBA claim.

IV.    Reasonableness

    A.    Rate

As a threshold matter, the parties do not dispute the reasonableness of the hourly rate claimed by Lyon. Consistent with the district court's recommendation under Local Rule 54-3, Lyon referred to the Oregon State Bar Economic Survey[1] ("Survey") when making his case for the hourly rates charged in this matter. In particular, Lyon cited the 2002 Survey for the relevant billing rates. For corporate and business litigation attorneys, the average rate is $222 per hour and the rates charged by attorneys in the 75th and 95th percentiles are $265 and $333, respectively. For plaintiff-side civil litigation attorneys (excluding personal injury), the average rate is $186 and the rates charged by attorneys in the 75th and 95th percentiles are $215 and $263, respectively. For attorneys with four to six years of experience, the average rate is $165 and the rates charged by those attorneys in the 75th and 95th percentiles are $185 and $221, respectively. Lyon seeks an hourly rate of $215. Chase

---

[1] Plaintiffs did not cite the most recent survey, the 2007 Economic Survey, as recommended by the rule. However, based on the assumption that rates increase over time, the court will accept the 2002 Survey for purposes of this motion.

does not dispute the average hourly rate claimed by Lyon in his application for attorney fees. In light of the above, the court agrees that the hourly rate claimed by Lyon, $215, is reasonable.

B.    *Hours*

As the court concluded above, Lyon is entitled to recover only for attorney fees for litigation related to the FCBA claim. The court must assess reasonableness based on the factors set forth above. Because Lyon is entitled to recover only those fees associated with the FCBA claim and the court is not awarding attorney fees accrued at trial pursuant to the defamation claim, the court need not perform the two-step analysis for partially successful plaintiffs.

Lyon argues that the attorney fees sought are reasonable on several grounds. First, Lyon notes that for the bulk of the litigation, Lyon represented Plaintiffs pro se. Had Lyon retained counsel earlier in the case, the cost of defending this claim would have been substantially higher. Second, the fees sought by Lyon demonstrate billing judgment in that Lyon seeks fees only after work by counsel "began in earnest" in 2010, and not in 2009, when representation was initiated. Further, Lyon's request includes only those fees incurred by attorney Anna Sortun and paralegal Sue Corbett, omitting fees for time spent by other attorneys who consulted on this case. Third, Lyon argues that the recovery for an FCBA claim will almost always be small relative to the amount of attorney fees expended in its litigation. This should not work against the recovery of attorney fees for successful FCBA claims.

Chase argues that an award of attorney fees that is approximately forty times the recovery at trial and five times an offer of judgment is unreasonable. Chase argues that the key question in determining an appropriate award is how much time was spent pursuing the successful claim or claims. According to Chase, the claim was resolved prior to the retention of counsel and, thus,

counsel in no way contributed to Lyon's success.  Instead, all of the attorney's time was spent on the defamation claim for which attorney fees are not authorized.

As above, the court has concluded that Lyon is entitled to attorney fees for the time spent litigating the issue of damages on the FCBA claim.  However, the court is unable to award such fees because the billing statement is insufficiently specific.  The court reviewed all billing entries for time incurred from the date Chase stipulated to FCBA liability up to and including the pretrial conference.  The descriptions on the billing statement do not provide sufficient specificity upon which the court can base an award of attorney fees for work related to pursuing multiple statutory penalties for violations of the FCBA.  In its "Message from the Court Regarding Fee Petitions," which is found on the District of Oregon's website, the court makes clear that attorneys seeking fees must "support their fee petitions with a level of documentation that allows the Court, and opposing counsel, to adequately review the reasonableness of the time spent on a single task."[2]  The information provided in support of this motion does not meet this standard.  The bulk of the entries generally refer to trial preparation.  Only two entries refer to the pretrial conference specifically.  They read: "Prepare for pretrial conference and trial by reviewing litigation file and conducting legal research" and "Prepare for pretrial conference by familiarizing self with litigation file, conducting legal research, and meeting with Mr. Lyon[.]"  (Sortun Declaration, Exhibit A at 5.)  Neither of these entries describe with any specificity the amount of time spent preparing to argue the multiple recoveries issue at the pretrial conference.  The entries referring to the pretrial conference itself are similarly vague.  It follows that, although Lyon was eligible for a limited recovery of attorney fees associated with the

---

[2] http://ord.uscourts.gov/court-policies/message-from-the-court-regarding-fee-petitions (last visited June 23, 2010).

FCBA claim, the court cannot grant fees based on the record before it.

As for the bill of costs, only the filing fee is recoverable. Photocopying costs are described as "charges for copying documents at Tonkon Torp for inclusion in exhibit binders for the court, plaintiff and defendant[.]" (Pls.' Cost Bill 2.)  Costs associated with hearing and deposition transcripts were expended "for the purpose of preparing for cross examination and to assist in the preparation of closing arguments." *Id.*  Because Lyon is not entitled to costs expended in trying claims other than the FCBA claim and because neither the cost bill nor the supporting declaration segregate the costs as between the FCBA claim and defamation claim, costs associated with trying the defamation claim at trial are not recoverable.  Furthermore, as with the billing entries for attorney fees, the cost bill is insufficiently descriptive to allow the court to determine which costs were reasonably expended in prosecuting the FCBA claim.  *See Key Bank Nat'l Ass'n v. Van Noy*, 598 F. Supp. 2d 1160, 1168 (D. Or. 2009) (Judge Hubel denied copy costs to the prevailing party because the prevailing party failed to explain the nature of the photocopying charges and the court could not determine which costs, if any, were properly awardable and which were not.).

Accordingly, the court awards $350 in costs to Lyon.

Conclusion

For the reasons stated, Plaintiffs' motion for attorney fees (#107) is DENIED.

DATED this 5th day of August, 2010.

_____/s/ John V. Acosta_____<br>JOHN V. ACOSTA<br>United States Magistrate Judge